IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 0 8 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent-Plaintiff | § | |
| | § | |
| v. | § | CR B-03-735-01 |
| | § | |
| JAIME MORALES-CERVANTES, | § | |
| Petitioner-Defendant | § | |
| (CA B-04-151) | § | |

### GOVERNMENT'S ANSWER AND MOTION FOR DISMISSAL UNDER 8(a) OF THE RULES FOLL. 28 U.S.C. § 2255

1.

The court ordered the government to respond to Morales' 28 U.S.C. §2255 motion by November 7, 2004. That date falls on a Sunday, and thus this pleading is due November 8, 2004. Fed. R. Civ. P. 6(a). The government also was instructed to file the rearraignment and sentencing transcripts. Those documents are on file in the clerk's office (Docs. 168,169). The government moves to dismiss and, in the alternative, moves for summary judgment.

2.

The government denies each and every allegation of fact made by Morales, except those supported by the record and those specifically admitted herein, and demands proof thereof.

1

3.

Morales, Francisco Omar Beltran, Herminio Nicolas Fernandez, Raul Jimenez-Espinosa, Carlos Everado Mata, Juan Gabriel Mineya Vasquez, Donaciano Rodriguez, Jose Mireles and Jose Gonzalez-Serrano were charged with conspiracy to possess with intent to distribute more than 100 kilograms of marihuana, committed on September 8, 2003, in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(B) and 846 (count one) and aiding and abetting the possession with intent to distribute 685.96 pounds of marihuana, committed on the same day, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§841(a)(1) and 841(b)(1)(B)(count two) (Doc. 1). Morales was originally represented by the Federal Public Defender, but then-counsel successfully moved to withdraw based upon a conflict of interest (Docket entries dated 9/8/03 through 9/10/03). Attorney Ignacio Torteya, III was appointed to represent Morales on September 10, 2003 (Doc. entry dated 9/10/03).

Attorney Torteya represented Morales at a detention hearing and filed a number of pre-trial motions, including disclosure of exculpatory evidence, discovery, and discovery of witness statements (Docs. 47-50). The motions were granted (Doc. 53). At the final pre-trial proceeding, Morales and Beltran, Jimenez, Mata, Vasquez, and Rodriguez announced their intention to plead guilty to count two of the indictment. In conformance with a written plea agreement, Morales (and the others) pled guilty

to count two before the Honorable Hilda Tagle in exchange for the government's agreement to dismiss count one against him (them); recommend credit for acceptance of responsibility and a sentence imposed at the low end of the applicable guideline range. In turn, Morales agreed to waive his right to appeal the sentence or the manner in which was it was determined with three exceptions: if the sentence is illegal under 18 U.S.C. § 3742(a); if Morales alleges ineffective assistance of counsel or if he alleges prosecutorial misconduct (Doc. 73; Doc. 168, pp. 35-37, 41-43). The court accepted Morales' guilty plea (Doc. 168, pp. 59-64).

The probation department scored Morales at base offense level 28 as a result of 623.6 kilograms of marihuana he possessed during the offense. It was recommended that a two-level upward adjustment be imposed because Morales acted as a captain or pilot of the ship importing the contraband into the United States pursuant to USSG §2D1.1(b)(2)(B). Further, a three-level upward adjustment for Morales' managerial role in the offense under USSG §3B1.1(b) was recommended for an adjusted offense level of 33. It was recommended that a three-level reduction for acceptance of responsibility be granted in view of the government's intention to move for the additional one-level reduction under USSG § 3B1.1(b) for a total offense level of 30. Morales had no criminal history points and his punishment range was determined to be 97 to 121 months imprisonment (PSR, ¶¶ 30-44, 63). Morales

filed written objections to the PSR, challenging factual assertions that he recruited co-defendants in the offense and the three-level upward adjustment for the aggravated role in the offense. Morales also objected to the two-level increase under USSG §2D1.1(b)(2)(B) for his role as a "boat captain". Morales further sought an application of the safety valve provisions of 18 U.S.C. §3553(f)(1-5) and USSG §5C1.2(a)(1-5)(Doc. 123).

At sentencing held on January 27, 2004, the court entertained live testimony on the issue of Morales' role in the offense. The court overruled the objections to the PSR, and adopted the PSR and facts set forth in it. However, the court entertained a motion for downward departure and granted the same based upon Morales' voluntary disclosure of the offense under USSG § 5K2.16. The court granted a three-level reduction in the offense level exposure to level 27, criminal history category I bearing a punishment range of 70 to 87 months. Morales was then sentenced to 75 months imprisonment followed by a five year term of supervised release. The $100 special cost assessment was remitted (Doc. 157; 169, pp. 3-30).

Morales initially appealed. *United States v. Morales-Cervantes*, no. 04-40172. However, he successfully moved to dismiss his appeal, which was dismissed on June 16, 2004 (Doc. 172).

4.

## ALLEGATIONS

Morales alleges in conclusory and vague terms that his counsel rendered ineffective assistance by failing to "fully" investigate his claims and failing to file motions to provide him a "fair and just defense". Morales specifically alleges that the district court imposed an improper sentence under *Blakely v. Washington*, 124 S.Ct. 2531 (2004), because he received two upward adjustment levels for being a "captain" aboard a marine vessel. He further argues that he should have received a downward adjustment for a mitigating role in the offense, and also argues entitlement to an application of the safety valve provision. He also observes that a reduction in his sentence exposure should be considered because of his deportability.

5.

The pleading under 28 U.S.C. §2255 is timely, having been filed before the one-year expiration period, including the period within which Morales filed his appeal. *See United States v. Gamble*, 208 F.3d 536 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 356 (5th Cir. 2000). The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §2255 (eff. April 24, 1996). Morales is currently incarcerated a United States Bureau of Prisons facility in Eden, Texas. He seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2255 from

his conviction in the Brownsville Division of the Southern District of Texas. A § 2255 motion "provides the primary means of collaterally attacking a federal conviction and sentence." *Jeffers v. Chandler*, 234 F.3d 277, 279 (5th Cir. 2000) (citation omitted). Relief under a §2255 motion "is warranted for errors that occurred at trial or sentencing." *Id.* He seeks relief from his conviction and sentence, and the relief sought under § 2255 is appropriate .

6.

**Ineffective assistance of counsel claim**

Morales is required to "show that: (1) his attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that except for the attorney's unprofessional errors, the results of the proceeding would have been different." *United States v. Bounds*, 943 F.2d 541, 544 (5th Cir. 1991)(citations omitted). Those requirements are based upon a showing that trial counsel's performance was constitutionally deficient, and that deficiency prejudiced the defendant. *See United States v. Reinhart*, 357 F.3d 521, 524 & n.8 (5th Cir. 2004)(citing, *inter alia*, *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984) and *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999)). "An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the

proceeding would not have been different had the attorney raised the issue." *United States v. Kimler*, 167 F.3d 889, 892 (5th Cir. 1999)(citations omitted).

A claim of ineffective assistance of counsel may be rejected based on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance. *Micheaux v. Collins*, 911 F.2d 1083, 1090-91 (5th Cir. 1990). The failure to prove both components of the *Strickland* test, either a deficient performance or actual prejudice, defeats an ineffective assistance claim. *United States v. Abner*, 825 F.2d 835, 846 n. 18 (5th Cir. 1987); *see also United States v. Gaudet*, 81 F.3d 585, 592 (5th Cir. 1996); *United States v. Rosalez-Orozco*, 8 F.3d 198, 199 (5th Cir. 1993)(citations omitted).

7.

### Underlying Facts

Briefly, Morales' citizenship is in question (See PSR, p.2). Morales recruited Beltran, Fernandez and Vasquez to transport marihuana from Playa Baghdad, Tamaulipas, Mexico to South Padre Island, Texas via a shark boat. Morales rendezvoused with those cohorts and Rodriguez on September 7, 2003 in Mexico, and all participated in transferring the contraband from a minivan onto the boat. At 1:00 am on September 8, 2003, Morales, Beltran, Fernandez, Vasquez and Rodriguez traveled to a pre-arranged camp site occupied by Mata, Mireles and Jimenez.

Marihuana was transferred from the boat to a Ford Bronco that contained Mata and Serrano's wallets. Law enforcement officers were alerted and a chase of the boat ensued by Coast Guard officers. Ultimately, Morales, Beltran, Fernandez, Vasquez and Rodriguez were captured following a short chase around 4:00 am on September 8, 2003, and Morales was identified as the captain. 685.96 pounds or 311.8 kilograms of marihuana were seized from the abandoned van. Morales cooperated with the authorities; however, he later recanted at rearraignment certain incriminating information that he supplied to the investigating officers. The other co-defendants cooperated with the authorities and shared their versions with the investigating officers, and later, with the probation department (PSR, ¶¶9-24, 27-28; Doc. 168, pp. 59-63).

8.

Morales' ineffective assistance of counsel claim is too vague and conclusory to address. Mere conclusory allegations are insufficient to raise a constitutional issue in a habeas case. *United States v. Woods*, 870 F. 2d 285, 288 n.3 (5th Cir. 1989); *Schlang v. Heard*, 691 F. 2d 796, 799 (5th Cir. 1982); *Lockhart v. Fretwell*, 506 U.S. 364, 368, 113 S.Ct. 838, 842 (1993)("[A] criminal defendant alleging prejudice must show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'")(quoting *Strickland*, 466

U.S. at 687, 104 S.Ct. at 2064). *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (vague, conclusory claim subject to dismissal); *United States v. Acklen*, 47 F.3d 739, 743-44 (5th Cir. 1995) ("Mere conclusory" statements are insufficient to require limited discovery or an evidentiary hearing.). Moreover, the allegations are inadequate to support a claim of ineffectiveness. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

Additionally, Morales' conclusory claim is based upon a flawed premise. Attorney Torteya filed pre-trial motions prior to trial. He also lodged several objections to the PSR that were overruled by the court. Morales does not identify any motion not pursued or attorney performance that prejudiced or harmed him. He also fails to identify how Torteya failed to investigate his case. *See United States v. Faubion*, 19 F.3d 226, 230-31 (5th Cir. 1994); *United States v. Balzano*, 916 F.2d 1273, 1296 (7th Cir. 1990) ("In order to establish prejudice resulting from a failure to investigate, the defendant must make 'a comprehensive showing of what the investigation would have produced.'"); *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) ("A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."). No relief is warranted under this theory.

9.

Morales faults the district court's imposition of a two-level upward adjustment for his status as the aggravated role in the offense. Counsel unsuccessfully objected to the enhancement, but not on the grounds Morales identifies in the instant pleading. The issue has been held foreclosed for review in the Fifth Circuit in the direct appeal context where the issue was belatedly raised, and under the plain error analysis. *United States v. Scroggins*, 379 F.3d 233, 268 n.62 (5th Cir. 2004) (citing *United States v. Piniero*, 377 F.3d 464 (5th Cir. 2004)), *pet. for cert. filed*, October 24, 2004 (no. 04-6970). Also, *Blakely* has not been held to be retroactively applicable to cases on collateral review. *See Teague v. Lane*, 489 U.S. 288, 308, 109 S.Ct. 1060, 1074 (1989)(citations omitted); *Simpson v. United States*, 376 F.3d 679 (7th Cir. 2004)(citing rule on successive §2255 petition); 28 U.S.C. §§ 2244(b)(2)(A) and 2255 ¶ 8(2).

10.

Morales argues entitlement to a reduction in his offense level for a mitigating role in the offense. First, Morales did not seek at sentencing a reduction for minor role in the offense; rather, he unsuccessfully argued that he should be treated like all other co-defendants in the offense; that all of the "fishermen" "played an equal role" in the offense. Counsel for Morales echoed the prosecutor's remarks at a

previous sentencing, and sought no adjustment for role in the offense (Doc. 169, pp. 4-6). The district court rejected the objection.

Second, complaints about the scoring in the PSR are not constitutional in nature. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Statutory motions to vacate sentences are limited to issues of constitutional dimension or other qualifying errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. *See United States v. Williamson*, 183 F.3d 458, 461 (5th Cir. 1999)(citation omitted). A claim that the court misapplied the Sentencing Guidelines is not cognizable in a § 2255 petition. *Id.*(citations omitted). No relief is warranted.

In this regard, it is noteworthy that Morales claims his participation in the offense was coerced and predicated upon "lies" told to him. The coercion and "lies" are not related to the constitutionality of his conviction and present nothing for review.

11.

With regard to the "safety valve" complaint, the district court's finding of Morales' aggravated role in the offense is inconsistent with eligibility under the safety valve provision of 18 U.S.C. § 3553(f)(4). *See* USSG §5C1.2(4). Morales is not eligible for the safety valve reduction.

12.

Morales also alleges, but does not develop in any meaningful manner, the claim that he did not receive a downward departure based upon his alienage and deportability. Morales' status was in question at the time of the preparation of the PSR (PSR, p. 2). Assuming, *arguendo*, that he is a deportable alien, Morales is not entitled to a reduction in his sentence for his deportability as a mitigating circumstance. *See United States v. Garay,* 235 F.3d 234 (5th Cir. 2000)(and its progeny)(status as deportable alien in immigration prosecution not permissible basis for downward departure)(citations omitted), *cert. denied,* 532 U.S. 936, 121 S.Ct. 1633 (2001). No error has been shown. *See also United States v. Maung,* 320 F.3d 1305, 1307-10 (11th Cir. 2003)(discussing *United States v. Restrepo,* 999 F.2d 640, 645 (2d Cir. 1993)); *United States v. Lopez-Salas,* 266 F.3d 842, 848 (8th Cir. 2001).

13.

The four grounds justifying relief under 28 U.S.C. § 2255 are (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack". 28 U.S.C. § 2255 (2000); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995). After a conviction and exhaustion or waiver of any right to appeal, a court is usually "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001)(citing *United States v. Frady*, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592-93 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991)). Thus motions to vacate sentences "may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999)(citations omitted); *see Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305 (1974); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471 (1962).

To obtain post-conviction relief in a collateral attack, a defendant must show either (1) cause excusing his procedural default and actual prejudice resulting from

the alleged error, *see Frady*, 456 U.S. at 167-68, 102 S.Ct. at 1594, or (2) that he is actually innocent. *Shaid*, 937 F.2d at 232. "'Actual innocence' means 'factual innocence, and not mere legal insufficiency.'" *Bousley v. United States*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 1611-12 (1998); *United States v. Torres*, 163 F.3d 909, 911 n.9 (5th Cir. 1999). To prove actual innocence, the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no fact finder] would have convicted him." *Id.* (citations and quotations omitted). Morales has failed to meet these requirements on all counts.

11.

No evidentiary hearing is necessary to resolve issues presented. *United States v. Samuels*, 59 F.3d 526, 530 & ns.16-17 (5th Cir. 1995)(citations omitted); *United States v. Bartholomew*, 974 F.2d 39, 41-42 (5th Cir. 1992). Morales alleges no facts which would be the proper subject of a motion to correct sentence, vacate the judgment, or which would warrant an evidentiary hearing under either 28 U.S.C. § 2255. The record and applicable law refutes Morales' allegations. Therefore, the government moves for dismissal, or in the alternative, summary judgment.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the government respectfully prays that Morales' §2255 petition be dismissed or, in the alternative, be subject to summary dismissal.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

JAMES L. TURNER
Chief, Appellate Division

TONY R. ROBERTS
Deputy Chief, Appellate Division
Assistant United States Attorneys

JEFFERY A. BABCOCK
Assistant U.S. Attorney
P.O. Box 61129
Houston, Texas 77208-1129
Texas Bar No. 01481400
Federal Bar No. 9311
(713) 567-9201

## CERTIFICATE OF SERVICE

I, Jeffery A. Babcock, Assistant United States Attorney, certify that a true and correct copy of the above document has been served by placing same in United States mail, postage prepaid, today, November 8, 2004, addressed to:

Jaime Morales-Cervantes
No. 26881-179
Eden CI
702 East Broadway
PO Box 605
Eden, TX 76837

Jeffery A. Babcock
Assistant U.S. Attorney