UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 22 2005

Michael N. Milby, Clerk of Court

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| Respondent-Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-04-151 |
| | § | (CRIMINAL NO. B-03-735-01) |
| JAIME MORALES-CERVANTES, | § | |
| Petitioner-Defendant. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Petitioner Jaime Morales-Cervantes's (hereinafter Petitioner) Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1). Along with its answer (Docket No. 5) the Government filed a Motion to Dismiss (Docket No. 6), which will also herein be considered. For the following reasons, the relief sought by Petitioner should be DENIED and the Government's Motion to Dismiss should be GRANTED.

### BACKGROUND

On September 23, 2003, Petitioner and numerous other individuals were indicted for conspiracy to possess, with intent to distribute, more than 100 kilograms of marijuana as well as aiding and abetting the possession, with intent to distribute 685.96 pounds of marijuana (Crim. Docket No. 1). Petitioner pleaded guilty to the latter charge on October 30, 2003 (Crim. Docket No. 72) after accepting a plea agreement. Pursuant to that agreement the government agreed to dismiss the conspiracy to possess with intent to distribute charge, to recommend credit for acceptance of responsibility, and to request a sentence at the low end of the guideline spectrum (Crim. Docket No. 73). Petitioner, on the other hand, waived his right to appeal his sentence or

1

the manner in which it was determined, subject to the usual exceptions regarding an illegal sentence in violation of 18 U.S.C. § 3742(a), ineffective assistance of counsel, or prosecutorial misconduct (Crim. Docket No. 73).

On January 27, 2004 Petitioner was sentenced to 75 months in prison to be followed by a five year term of supervised release (Crim. Docket No. 157). Petitioner initially appealed this sentence but his appeal was dismissed, as per his request, on June 16, 2004 (Crim. Docket No. 172). Petitioner timely filed the motion now before the Court on August 27, 2004.

## ALLEGATIONS

In his motion Petitioner claims that he is entitled to relief under 28 U.S.C. § 2255 because he was denied effective assistance of counsel in that his attorney: (i) did not fully investigate his claims and (ii) failed to file motions that were necessary for a fair and just defense. Additionally, Petitioner argues that habeas corpus relief is appropriate because the federal sentencing guidelines were misapplied in his case. Specifically he purports that: (i) he was given an impermissible two-level upward adjustment, (ii) he was entitled to a sentence reduction for playing a mitigating role in the offense, (iii) his sentence should have been reduced in light of the "safety valve" provision of 18 U.S.C. § 3553(f)(4), and (iv) a downward departure was appropriate due to his status as a deportable alien.

## ANALYSIS

**I.    Ineffective assistance of counsel claims**

*i.    Ineffective assistance of counsel standards*

The constitutional standard for determining whether a criminal defendant has been denied

2

effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in the case of *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." See *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513 U.S. 1114 (1995). In so doing, a convicted defendant must carry the burden of proof and overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. See *Strickland v. Washington*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000); *Green v. Johnson*, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

The proper standard for evaluating counsel's performance under the Sixth Amendment is "reasonably effective assistance." *Strickland v. Washington*, 466 U.S. at 687; *Bullock v. Whitley*, 53 F.3d 697, 700 (5th Cir. 1995). "An error by counsel, even if professionally unreasonable, does

not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. at 2067. "Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* In order to establish that he has sustained prejudice, the convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Williams v. Taylor*, 529 U.S. at 391; *Strickland v. Washington*, 466 U.S. at 694.

The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair. Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him. *Williams v. Taylor*, 529 U.S. at 393 n.17; *Strickland v. Washington*, 466 U.S. at 692.

Because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong. *See Strickland v. Washington*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 721; *Green v. Johnson*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d at 210. Therefore, failure to establish that counsel's performance fell below an objective standard of reasonableness renders moot the issue of prejudice. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987), *cert. denied*, 484 U.S. 842 (1987). It is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of

4

prejudice. *See Black v. Collins*, 962 F.2d at 401; *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986), *cert. denied*, 482 U.S. 916 (1987); *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986), *cert. denied*, 479 U.S. 1057 (1987).

ii.   *Petitioner's claims*

In the instant case, Petitioner alleges that his attorney: (a) did not fully investigate his claims and (b) failed to file motions that were necessary for a fair and just defense. Petitioner, however, fails to identify any claim that his attorney should have, but did not, investigate. The Fifth Circuit has noted that "[a] defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *Moawad v. Anderson,* 143 F.3d 942, 948 (5th Cir. 1998) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).) By not stating which claims his attorney did not investigate Petitioner has clearly failed to carry this burden. Additionally, Petitioner has not brought to the Court's attention any specific motion that his attorney failed to file. On the other hand, the record demonstrates that Petitioner's attorney filed a number of pre-trial motions (Crim. Docket Nos. 47, 48, 49, and 50) and lodged objections to the pre-sentencing investigation report (PSR) (Crim. Docket No. 123 & 146). The evidence thus weighs heavily against Petitioner's assertions.

"Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983). Petitioner has offered nothing that would establish either deficient performance or prejudice. Thus, he has not overcome the strong

5

presumption that the conduct of his trial counsel fell within a wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 687-91. As such, Petitioner is not entitled to relief based upon his ineffective assistance of counsel claims.

**II.     Misapplication of the sentencing guidelines claim**

*i.     Two-level upward adjustment*

Petitioner claims that the two-level upward adjustment the district court imposed for Petitioner's aggravating role in the offense was improper under the Supreme Court's decision in *Blakely v. Washington,* 124 S. Ct. 2531 (2004). In *Blakely*, the Supreme Court held that sentence enhancments allowed by the Washington Sentencing Reform Act, which were not based on facts admitted by the defendant or found by a jury, violated the Sixth Amendment to the United States Constitution. *Blakely,* 124 S. Ct. at 2538. Recently, the Supreme Court extended this holding, in *United States v. Booker,* to invalidate the mandatory provisions of the federal sentencing guidelines. 125 S. Ct. 738 (2004). Though Petitioner filed this action prior to the Supreme Court's holding in *Booker,* the Court will examine the effect, if any, that decisions has on Petitioners claims, since it is now more relevant to Petitioner's case than *Blakely*.

Firstly, the Court notes that cases similar to *Booker* and *Blakely* have been held to not apply retroactively where they are first raised on collateral review. *Schriro v. Summerlin*, 124 S. Ct. 2519, 2525-2526 (2004) (in regards to *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428 (2002)); *United States v. Brown*, 305 F.3d 304, 309-10 (5th Cir. 2002) (per curiam) (in regards to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000)), cert. denied, 538 U.S. 1007, 123 S. Ct. 1919 (2003). Furthermore, Petitioner's arguments are undermined by the Supreme Court's decision in *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060 (1989). In that case the Supreme

6

Court held that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague,* 489 U.S. at 310, 109 S. Ct. at 1075. Both *Booker* and *Blakely* involve new rules of criminal procedure that do not fall within any exception[1] outlined in *Teague*, and as such, neither decision applies retroactively to cases on collateral review. *Teague,* 489 U.S. at 311, 109 S. Ct. at 1075-1076.

Perhaps most damaging to Petitioner's retroactive application claims, however, is the fact that the Supreme Court explicitly states in *Booker* that "we must apply today's holdings -- both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act -- to all cases on *direct review*." 125 S. Ct. at 769 (emphasis added); See also *In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004) (holding that *Blakely* is not to be applied retroactively). Thus, the Supreme Court did not intend for *Booker* to apply retroactively to convicted defendants in Petitioner's situation.[2] Accordingly, Petitioner can prove no set of facts that would entitle him to relief on this claim and it should be dismissed. *Shipp v. McMahon,* 234 F.3d 907, 911 (5th Cir. 2000). It is further noted that the analysis undertaken in the sections below is premised on the conclusion reached above, namely that *Booker* does not apply retroactively.

---

[1] A new rule should be applied retroactively only if: (a) it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or (b) it requires the observance of procedures that are implicit in the concept of ordered liberty. Teague, 489 U.S. at 311, 109 S. Ct. at 1075-1076 (quoting Justice Harlan in *Mackey v. United States*, 401 U.S. 667, 692-693 (1970).

[2] Though not binding precedent, the following cases all stand for the proposition that *Booker* should not be applied retroactively: *United States v. Larry*, 2005 U.S. Dist. LEXIS 853, *2-*3 (N.D. Tex. Jan. 19, 2005); *King v. Jeter*, 2005 U.S. Dist. LEXIS 1189, *2 (N.D. Tex. Jan. 27, 2005); *Lindsey v. Jeter*, 2005 U.S. Dist. LEXIS 1385, *5 (N.D. Tex. Jan. 31, 2005); *United States v. Johnson*, 2005 U.S. Dist. LEXIS 1053, *2 (E.D. Va. Jan 21, 2005).

*ii.    Reduction for mitigating role*

Petitioner's claim that the PSR was incorrectly scored and that he should have received a reduction for a mitigating role in the offense is not cognizable under § 2255. *United States v. Payne,* 99 F.3d 1273, 1281-1282 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that would not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir. 1992) (quoted in *Payne,* 99 F.3d at 1282). Petitioner was sentenced within the guideline range and voluntarily withdrew the appeal of his sentence (Crim. Docket No. 172). Since a district court's technical application of the Guidelines does not give rise to a constitutional issue Petitioner's claim cannot be considered for relief under § 2255 and should be dismissed. *Vaughn,* 955 F.2d at 368.

*iii.    "Safety Valve" issue*

The district court found that Petitioner played an aggravating role in the offense for which he was convicted. He was thus ineligible for the "safety valve" provision of 18 U.S.C. § 3553(f)(4). Accordingly, Petitioner's claim that the district court erred by failing to reduce his sentence based on this provision lacks merit and should be dismissed.

*iv.    Downward departure based on Petitioner's citizenship status*

In his final argument Petitioner alleges that the district court erred by not reducing his sentence based on the fact that he is a deportable alien. Even assuming, arguendo, that he was a deportable alien, Petitioner's deportabilty was not a mitigating circumstance that entitled him to a reduction in sentence. *United States v. Garay,* 235 F.3d 230, 232-233 (5th Cir. 2000). Once

again, Petitioner can prove no set of facts that would entitle him to relief and, as such, this claim should be dismissed. *Shipp v. McMahon,* 234 F.3d 907, 911 (5th Cir. 2000).

## RECOMMENDATION

For the aforementioned reasons, Petitioner's application for 28 U.S.C. § 2255 relief (Docket No. 1) should be DENIED. Furthermore, the Defendant's Motion to Dismiss (Docket No. 6) should be GRANTED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas, this 22nd day of February, 2005.

Felix Recio
United States Magistrate Judge

9